UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Alan Knox, | Case No. 16-cv-0879 (WMW/KMM) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED** |
| United States of America, | |
| Respondent. | |

---

This matter is before the Court on the September 1, 2016 Report and Recommendation ("R&R") of United States Magistrate Judge Katherine M. Menendez. (Dkt. 10.) No objections to the R&R have been filed in the time period permitted.

Petitioner Alan Knox seeks a writ a habeas corpus pursuant to Title 28, United States Code, Section 2241, requesting that this Court order the Bureau of Prisons to recalculate his sentence to account for allegedly omitted statutory credits.[1] The R&R correctly concludes that Knox's petition must be dismissed because Knox failed to exhaust his administrative remedies prior to seeking habeas relief. *See United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000). However, notwithstanding this failure, the R&R proceeds to analyze the merits of Knox's petition. *See Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (explaining that a district court may address the merits of a

---

[1] Petitioner Knox currently is incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester") and seeks habeas-corpus relief. Accordingly, L. LaRiva, as the warden of FMC-Rochester is the proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent [in habeas challenges] is the warden of the facility where the prisoner is being held.").

claim even if a petitioner failed to exhaust available administrative remedies "because the exhaustion prerequisite . . . is judicially created [and] not jurisdictional"). An inmate's failure to exhaust administrative remedies is most commonly excused when it is clear from the record that a challenge through the administrative process would prove futile. *See, e.g.*, *Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004). But here, although the Bureau of Prisons has a four-tiered program to address inmate grievances, Knox—at most—availed himself of only the first. Accordingly, the Court declines to adopt the R&R's analysis of Knox's petition on the merits.

Based on the Report and Recommendation and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.  The September 1, 2016 Report and Recommendation, (Dkt. 10), is **ADOPTED AS MODIFIED** to conclude only that Knox's petition must be dismissed because Knox failed to exhaust his available administrative remedies.

2.  Knox's petition, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 13, 2016                         /s Wilhelmina M. Wright
                                                Wilhelmina M. Wright
                                                United States District Judge